# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE SHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF PORTERVILLE, and DOES 1 TO 25,<br><br>　　　　Defendants. | Case No. 1:15-cv-00671-SKO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>(Doc. No. 8) |

## I. INTRODUCTION

On March 12, 2015, Plaintiff Jimmy Lee Shaw ("Plaintiff") filed a complaint against the City of Porterville ("Defendant") in the Superior Court of Tulare County, apparently alleging at least four causes of action: (1) general negligence, (2) intentional tort, (3) civil rights liability for malicious prosecution, and (4) civil rights liability for conspiracy. (*See* Doc. 1, Exh. A ("Complaint").) Defendant removed the action to federal court on May 1, 2015 (Doc. 1), and filed a Motion to Dismiss the Complaint on May 8, 2015 (Doc. 8.) As of this date, no Opposition has been filed and the Motion is unopposed.

The motion was submitted upon the record without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II.  BACKGROUND

**A.   Procedural Background**

On February 2, 105, Plaintiff filed a Tort Claim with the City of Porterville.  (Doc. 13, Exh. A.)  On February 3, 2015, Defendant sent Plaintiff a "Notice of Insufficiency of Claim and Return Without Action."  (Doc. 13, Exh. B.)  Defendant identified nine separate and independent grounds as to why Plaintiff's claim was insufficient, including:  "The Claim does not provide enough specific information to determine what, if anything, the public entity did or failed to do to create liability exposure.  Note:  What specifically are you alleging against the City of Porterville?"  (Doc. 13, Exh. B.)  Plaintiff never filed an amended tort claim in response to Defendant's Notice of Insufficency of Claim.  (Doc. 8, at p. 4.)

On March 12, 2015, Plaintiff filed his Complaint in Tulare County State Court, and Defendant timely removed the action to federal court.  (Doc. 1.)  Defendant then filed the motion to dismiss currently before the Court.  (Doc. 8.)

**B.   Factual Background**

It is difficult for the Court to ascertain the factual background giving rise to the Complaint.  (*See* Compl.)  As a whole, the Complaint fails to provide either a clear or concise statement of Plaintiff's allegations of wrongdoing against Defendant.  (*See* Compl.)  For example, Plaintiff alleges that

> In the single most extensive and in-depth "Conspiracy;" to "Obstruct Justice;" as well as; create a "Plausible Deniability;" for all the "Intentional Torts;" entered into by Town & Country Market, Candelaria Law Firm, Suncrest Bank, and the City of Porterville; a group who spared "No" lack of effort; nor any sense of moral or ethical standards; In their intent to destroy my Professional career; my reputation, and my frail health at 76 years of age.

(*sic*) (Compl. at p. 6.)  Plaintiff alleges injuries according to

> [t]his document [which] certainly makes it both evident and factually supported; that they were all conspiring with each other; and their use of the "City's Police Powers["]; to engage in "Malicious Prosecution;" an "Intentional Tort;" to "Criminalize Me;" and foster a total "Nervous Breakdown and a continuing treatment for "Depression;" [which] leaves little doubt that the damages to "Me" my Wife, and my two daughters; all of whom are adults over 26 years of age . . . .

2

1  (*sic*) (Compl. at p. 6.)  Plaintiff further appears to allege that an unidentified individual then
2  inquired into why he "(supposedly) sent 67 pages of documents; that were gleaned from the
3  'Transactional Files' of [his] closed Business Account" (*sic*), which was apparently an innocuous
4  67-page "Education-Publication Resume" and/or a "Publication History." (Compl. at p. 7.)  It is
5  unclear exactly how Defendant the City of Porterville is involved in this alleged wrongdoing,
6  though Plaintiff further notes that

> This "Resume;" made it clear; who (Suncrest Bank Management; in the Porterville Branch, undertook to steal and create my "Identity" with these 67 pages of "Documents;" then they proceeded to "Impersonate;" me; by the Use of that "Professional Resume." The "Porterville Suncrest Bank Management Staff;" [then] mailed this material; as well as; my "Private Unlisted Federal Watch Phone number;" in an addressed envelope; that had my return address on it; in an effort to further "Impugn;" m[y] reputation.

12 (*sic*) (Compl., at p. 7.)  Apparently, these facts may be verified by further investigation, by
13 "calling the 'Federal Reserve Consumer Help Center'" and requesting to speak to "'Judy;' who
14 actually called the 'F.D.I.C.;' and informed them that [Plaintiff] had not undertaken any such
15 actions" (*sic*). (Compl., at p. 7.)

16      Plaintiff also attaches to his Complaint his original claim submitted to the City of
17 Porterville (*compare* Compl, at p. 8 *with* Doc. 13, Exh. A), alleging that he was defrauded by the
18 "Law Firm of David F. Candelaria," who he apparently retained at some point to pursue his
19 malicious prosecution claim against the "Town & Country Marker" and the "City of Porterville
20 Legal Department" (Compl., at p. 8).  It appears that one or more of these entities at some point
21 filed a forgery charge against Plaintiff, so he sought legal counsel to attempt to file "Slander" and
22 "Defamation of Character" charges against them. (Comp., at p. 8.)

23      Attorney Candelaria and his associate then allegedly "sold [Plaintiff] down the river;
24 regarding the 'Lawsuits;' against 'Town & Country Market'; 'The City of Portersville;' and
25 'Travelers Insurance Company;' that fostered this entire episode" despite Plaintiff's payment of a
26 retainer of either $15,000 or $53,000. (Compl., at p. 8.)  Finally, when Plaintiff attempted to
27 secure a loan in the amount of $15,000 from "Dustin Della; at Suncrest Bank;" the loan was
28 denied, and Plaintiff filed the instant lawsuit.

3

Plaintiff alleges he has suffered loss of use of property, hospital and medical expenses, and general damages, and seeks compensatory and punitive damages in the amount of $54,000,000. Compl., at p. 3.)

## II. APPLICABLE LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to

a complaint or incorporated by reference or a matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court *may* look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri*, 901 F.2d at 699. Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III.   REQUEST FOR JUDICIAL NOTICE

A court may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court may "take judicial notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue," *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted), although "taking judicial notice of findings of fact from another case exceeds the limits of Rule 201," *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled in part on other grounds, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014)).

"A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Such reliance is permissible when "plaintiff's claim depends on the contents of a document" that is not

attached to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (court may consider document if authenticity not questioned in order to prevent plaintiff from prevailing on Rule 12(b)(6) motion by omitting documents underlying a claim).

Defendant has requested judicial notice of Plaintiff's Government Code § 910 claim and Defendant's Notice of Insufficiency of Claim, filed as part of Plaintiff's government tort claim. (Doc. 13, Exhs. A and B.)  Plaintiff has not opposed this request, and the authenticity of these documents is not in question.  As their authenticity is undisputed, and the ongoing state court proceedings are essential to Plaintiff's claims, the Court may consider these documents. *Moynihan*, 508 F.3d at 1225.  The Court takes judicial notice as requested.

## IV.   DISCUSSION

The Complaint is difficult to read and fails to clearly and concisely state any facts underlying his complaint against Defendant, what harm he allegedly suffered, or how Defendant the City of Porterville is liable for any harm Plaintiff may have suffered.  The Complaint also fails to allege facts establishing that Plaintiff has complied with the California Government Tort Claims Act.  (*See* Compl.)

Plaintiff's complaint fails to comply with Rule 8 pleading standards, and amendment would be futile as Plaintiff's individual causes of action all fail and must be individually dismissed. For the following reasons, Plaintiff's Complaint is dismissed without leave to amend.

### A.   Plaintiff's Complaint Fails to Allege a Plain and Concise Statement of the Elements of His Claim

Plaintiff alleges that Defendant has engaged in "the single most extensive and in-depth 'Conspiracy;' to 'Obstruct Justice;' as well as; create 'Plausible Deniability;' for all the 'Intentional Torts;' entered into by . . . the City of Porterville; a group who spared 'No' lack of effort; nor any sense of moral or ethical standards; in their intent to destroy [his] Professional career; [his] reputation and [his] frail health[.]"  (Compl., at p. 6.)  Plaintiff further alleges, among other things, that "[t]his document certainly makes it both evident and factually supported; that they were all conspiring with each other; and their use of the 'City's Police Powers;' to engage in

'Malicious Prosecution;' an 'Intentional Tort;' to "Criminalize [Him] . . . . " (Comp., at p. 6.)

Under Fed. R. Civ. P. Rule 8, a plaintiff must "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. Rule 8(d)(1). Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996). *See also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of a "verbose, confusing and conclusory" complaint under Rule 8). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiff[ ] [is] suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84, F.3d at 1180. Further, in evaluating whether a complaint should be dismissed under Rule 8, dismissal does not turn upon whether "the complaint is wholly without merit." *Id.* at 1179.

Plaintiff's complaint fails to plead a short and plaint statement of the elements of his claim under Rule 8. It is unclear who Plaintiff is alleging wronged him, what entities he believes were acting in concert to wrong him, what wrong he is alleging occurred, and what harm he suffered as a result of that legal wrong. (*See* Compl.) The Court cannot apprehend from Plaintiff's statements exactly what "Malicious Prosecution" he is alleging occurred, or how exactly "Town & Country Market," the "City of Porterville Legal Department," and the "Law Firm of David F. Candelaria" are involved in this harm. (*See* Compl., at pp. 6-8.) The Court also is unable to determine the nature of Plaintiff's damages, aside from the apparently arbitrary amount of $54,000,000 demanded in compensatory and punitive damages. (*See* Compl., at p. 3.)

Accordingly, Plaintiff's Complaint must be dismissed for failure to comply with Rule 8 pleading standards. *See McHenry*, 84 F.3d at 1177-80.

**B.     Plaintiff's Complaint Fails to State a Cognizable Federal Claim**

Liberally construed, Plaintiff's Complaint alleges civil rights violations under § 1983 for malicious prosecution and conspiracy. The Civil Rights Act, codified at 42 U.S.C. § 1983[1] "is not

---

[1]     [Section 1983] creates a cause of action against a person who, acting under color of state law,

itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Where, however, a defendant is immune to suit under the common law, there is no cognizable section 1983 claim. *Davenport v. Winley*, 314 Fed. Appx. 982 (9th Cir. 2009).

There is *no* vicarious liability for municipalities under 42 U.S.C. § 1983. *See, e.g., Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403-04 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378m 385 (1989); *Monnell v. Dept. of Social Services*, 436 U.S. 658, 695-95 (1978). Accordingly, Defendant City of Porterville may not be held liable for any alleged malicious prosecution or conspiracy claims under § 1983. *Id.*

Dismissal is proper when the complaint fails to allege either a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). Even were Plaintiff's Complaint to include the barest allegations establishing the requisite elements to state a claim for either malicious prosecution or conspiracy under § 1983,[2] Defendant is not vicariously liable for

---

deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must first demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [citations omitted].

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A person acts under color of state law when the individual "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (internal quotation marks and citations omitted).

[2] Plaintiff has also failed to plead the individual elements required for either malicious prosecution or conspiracy under 42 U.S.C. 1983.

To state a claim for malicious prosecution under § 1983, a plaintiff must meet all elements required under California state tort law. *See Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987). The tort of malicious prosecution requires: (1) prosecution commenced by or at the direction of the defendant and pursued to a legal termination in plaintiff's favor, (2) that was brought without probable cause, and (3) initiated with malice. *See Sagonowsky v. More*, 64 Cal. App. 4th 122, 128, as modified on denial of reh'g (1998). Plaintiff's Complaint fails to allege facts establishing that Defendant prosecuted Plaintiff in any forum, much less that such prosecution was initiated with malice and without probable cause, or was resolved in Plaintiff's favor.

such civil rights violations.  Plaintiff's first and second causes of action for violations of his civil rights under § 1983 fail, thereby depriving the Court of subject matter jurisdiction.  Plaintiff's Complaint therefore must be dismissed for failure to plead a cognizable federal claim.  *Id*.

### C. Plaintiff's State Law Tort Claims Fail to Comply with the Tort Claims Act

Finally, liberally construed, Plaintiff alleges state tort claims against Defendant City of Porterville for intentional tort and general negligence.  (*See* Compl., at pp. 3, 6-8.)  A plaintiff is unable to file a lawsuit against a California state public entity without first presenting a tort claim in accordance with the procedure set forth at Cal. Govt. Code §§ 900, *et seq.*[3]  *See* Cal. Govt. Code § 945.4.  To present a tort claim, within six months of the date of harm, a claimant must file with the public entity a claim statement detailing: (1) the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (2) a general description of the indebtedness, obligation, injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim; and (3) the name(s) of the public entity employee(s) who caused the harm, if they are known to the claimant.  Cal. Govt. Code §§ 910; 911.2.

"The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail."  *DiCampli-Mintz v. County of Santa Clara*, 55 Cal. 4th 983, 990 (2012); *see City of San Jose v. Super. Ct.*, 12 Cal. 3d 447, 454 (1974) (compliance with the claims statute is mandatory and failure to file a claim is fatal to a plaintiff's complaint).

Upon receipt of a claim, a public entity may issue a Notice of Insufficient Claim.  Cal. Govt. Code § 910.8.  A claimant's failure or refusal to amend his claim to address any

---

To state a claim for conspiracy under § 1983, a plaintiff must show "that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement" to violate his constitutional rights.  *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (internal quotations and citation omitted).  "[M]ere proof a conspiracy is insufficient to establish a section 1983 claim."  *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980).  Plaintiff's Complaint fails to allege facts establishing that Defendant acted in concert with any entity with the "common design and understanding" to violate his constitutional rights.

[3]   Further, public entities such as municipalities are not liable for common law torts.  Cal. Govt. Code § 815(a). "Except as otherwise provided by statute . . . a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  *Id.*; *see also In re Groundswater Cases*, 154 Cal. App. 4th 659, 688 (2007) ("There is no common law tort liability for public entities in California; such liability is wholly statutory").  Plaintiff's Complaint fails to allege facts establishing, or even indicating, that Defendant is liable by statute for any tort claim.

insufficiencies is a defense to any future cause of action arising from that tort claim, unless the court determines that the Notice of Insufficient Claim was improperly issued and the claim was substantially compliant with the requirements of §§ 910 and 910.2, or the form set forth in § 910.4.

Here, Plaintiff's claim submitted on February 2, 2015, is identical to page 8 of his Complaint. (*Compare*, Doc. 13, Exh. A *with* Compl., at p. 8.) It fails to detail, as required by Cal. Govt. Code § 910, (1) the date, place and other circumstances of the occurrence or transaction which gave rise to Plaintiff's claim(s); (2) a general description of the actual damage or loss incurred beyond some allegations of apparent attorney malpractice; and (3) the name(s) of any City of Porterville employee(s) who caused the harm. (*See* Compl., at p. 8 (alleging that the attorneys "both sold me down the river; regarding the 'Lawsuits;' against 'Town & Country Market'; 'The City of Porterville;' and 'Travelers Insurance Company'" and the "Porterville City Legal Department" was somehow involved in a conspiracy to "Obstruct Justice"). As a result of Plaintiff's failure to comply with Cal. Govt. Code § 910, he was issued a Notice of Insufficient Claim, identifying the nine categories in which his claim was deficient. (Doc. 13, Exh. B.)

Plaintiff's failure to amend his claim and to comply with the mandatory requirements of Cal. Govt. Code § 910 is fatal to his Complaint. *See DiCampli-Mintz*, 55 Cal. 4th at 990; *City of San Jose*, 12 Cal. 3d at 454. Accordingly, Plaintiff's state law tort claims for general negligence and intentional tort must be dismissed for failure to comply with the California Government Tort Claims Act. Cal. Govt. Code §§ 900, *et seq.*

### D.     Amendment is Futile

Plaintiff's Complaint must be dismissed for failure to recite a plain and concise statement of allegations under Fed. R. Civ. P. Rule 8. Although generally a pro se plaintiff should be granted leave to amend, the many other defects of this complaint cannot be cured by more detailed factual allegations or revision of Plaintiff's claims. Even if Plaintiff pled the requisite elements for either malicious prosecution or conspiracy under 42 U.S.C. § 1983, Defendant is a municipality and is therefore not vicariously liable under § 1983. Further, Plaintiff's failure to comply with the California Government Tort Claims Act is fatal to Plaintiff's state law tort claims. As such, leave

1 | to amend would be futile and the action should be dismissed with prejudice. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### V.  CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint be DISMISSED with prejudice and without leave to amend;
2. The Clerk of Court is directed to administratively close this case.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:  **June 16, 2015**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE